NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL JACKSON, | ) | No. C 08-03570 JF (PR) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| M. C. KRAMER, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  The Court orders Respondent to show cause why the petition should not be granted.

**BACKGROUND**

Petitioner pleaded nolo contendere in Alameda County Superior Court to several charges, including two counts of second degree robbery, criminal threats, several counts of false imprisonment with violence, and carjacking.  (Pet. Ex. 2.)  On April 19, 2004, the trial court sentenced Petitioner to a term of ten years in state prison.  Petitioner appealed his sentence, and the California Court of Appeal affirmed the conviction on January 25, 2008.  The California Supreme Court denied the petition for review on March 26, 2008.

Petitioner filed the instant federal habeas petition on July 25, 2008.

## DISCUSSION

A.     Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.     Petitioner's Claims

Petitioner alleges that the trial court erred in not staying the one year sentence for the first count of robbery pursuant to § 654, thereby violating equal protection and due process.  Liberally construed, Petitioner's allegations are sufficient to require a response.  The Court orders Respondent to show cause why the instant petition should not be granted.

## CONCLUSION

1.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state criminal proceedings that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving a copy on Respondent within **thirty (30) days** of the date the answer is filed.

       3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of the date any opposition is filed.

       4.    It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." Petitioner must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

       IT IS SO ORDERED.

DATED:   12/18/08

JEREMY FOGEL
United States District Judge