NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JACKSON,                          )          No. C 08-03570 JF (PR)
                                          )
                    Petitioner,           )          ORDER GRANTING MOTION TO
                                          )          DISMISS
          vs.                             )
                                          )
M .C. KRAMER, Warden,                     )
                                          )
                    Respondent.           )
_____ )          (Docket Nos. 7)

          Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging his state conviction.  Respondent has moved to

dismiss the petition as untimely.  (Docket No. 7.)  Petitioner filed opposition, and

Respondent did not file a reply.  For the reasons discussed below, the Court grants

Respondent's motion to dismiss.


                                    **BACKGROUND**

          On April 19, 2004, Petitioner was sentenced to ten years in state prison after

entering a no contest plea in the Alameda County Superior Court to several charges,

including two counts of second degree robbery, criminal threats, several counts of false

imprisonment with violence, and carjacking.  Respondent asserts, and Petitioner does not

1   deny, that Petitioner did not appeal his conviction.  (Resp't Mot. at 2.)

2          On August 9, 2007, Petitioner filed a petition for a writ of habeas corpus in

3   Alameda County Superior Court, which denied the petition on the same day with a

4   written decision.  (Pet. Ex. 1.)

5          Petitioner filed a petition for a writ of habeas corpus in the California Court of

6   Appeal, which denied the petition on January 25, 2008.  (Id., Ex. 3.)

7          Petitioner filed a petition in the California Supreme Court, which denied the

8   petition on March 26, 2008.  (Id., Ex. H.)

9          Petitioner filed the instant petition on July 25, 2008.

10

11                                    **DISCUSSION**

12  A.     Statute of Limitations

13         The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became

14  law on April 24, 1996, and imposed for the first time a one-year statute of limitation on

15  petitions for a writ of habeas corpus filed by state prisoners.  The one-year period

16  generally will run from "the date on which the judgment became final by conclusion of

17  direct review or the expiration of the time for seeking such review."  28 U.S.C. §

18  2244(d)(1)(A).[1]

19         The one-year period may start running from "the expiration of the time for seeking

20  [direct] review."  28 U.S.C. § 2244(d)(1)(A).  If a petitioner could have sought review by

21  the state court of appeals or the state supreme court, but did not, the limitation period will

22  begin running against him the day after the date on which the time to seek such review

23  expired.  See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period

24  began running day after time to seek discretionary review of California Court of Appeal's

25  decision in the Supreme Court of California expired, which was forty days after the Court

26  of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc.

27

28         [1]In rare instances not presented in this case, the limitations period may start on a
    different date.  See 28 U.S.C. § 2244(d)(1)(B)-(C).

1   Code § 12a); see also Cal. Rule of Court 8.308(a) (providing that appeal from criminal

2   judgment must be filed within sixty days after rendition of judgment or making of order

3   being appealed) (formerly Cal. Rule of Court 31).

4        Respondent argues, and Petitioner does not dispute, that since Petitioner did not

5   appeal his conviction, the limitation period began running sixty days after the superior

6   court proceedings concluded on April 19, 2004, *i.e.,* on June 18, 2004.  See Cal. Rule of

7   Court 8.308(a) (formerly Cal. Rule of Court 31).  Petitioner therefore had one year, *i.e.*,

8   until June 18, 2005, to file a timely federal petition.  The instant petition was not filed

9   until July 2008, over three years later.  Thus, absent tolling, the instant petition is

10  untimely.

11  B.   Statutory Tolling

12       Section 2244(d)(2) tolls the one-year limitation period for the "time during which a

13  properly filed application for State post-conviction or other collateral review with respect

14  to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Petitioner did

15  not file his first state habeas petition until August 2007, which is well after the limitations

16  period expired on June 18, 2005.  A state habeas petition filed after AEDPA's statute of

17  limitation ended cannot toll the limitation period under § 2244(d)(2).  See Ferguson v.

18  Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th

19  Cir. 2001).  As Petitioner did not file his state habeas petitions until after the limitation

20  period had expired, he is not entitled to tolling of the limitation period under 28 U.S.C. §

21  2244(d)(2).

22       Petitioner argues in his opposition that his petition is not untimely.  Petitioner

23  claims that he has been subjected to an illegal sentence which the Supreme Court has

24  "clearly established... can be corrected at anytime."  (Oppo. at 2-3.)  Petitioner's

25  argument is not persuasive because AEDPA's one-year statute of limitation clearly bars

26  untimely petitions from proceeding, regardless of the merits of the claims presented.

27  ///

28  ///

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (Docket No. 7) is GRANTED.  The instant petition for a writ of habeas corpus is DISMISSED.  The clerk shall terminate all pending motions as moot.

IT IS SO ORDERED.

DATED: ___9/22/09_____          _____

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


MICHAEL JACKSON,

                Petitioner,

   v.

M.C. KRAMER, Warden,

                Respondent.

_____/

Case Number: CV08-03570 JF

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____9/25/09_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Michael Jackson T-24603
Folsom State Prison
P.O. Box 950
Folsom, CA 95763


Dated: _____9/25/09_____

                       Richard W. Wieking, Clerk